[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12681-P
_____

D.C. Docket No. 1:14-cv-01884-WBH

MARCUS A. WELLONS

Plaintiff - Appellant,

versus

COMMISSIONER,
GEORGIA DEPARTMENT OF CORRECTIONS,
et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 17, 2014)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Marcus A. Wellons appeals from the order of the district court

denying his second motion for a stay of execution and all other denials of relief

entered by the district court on June 17, 2014.  Wellons alleges that as a result of Defendants' actions, at least one corrections officer employed at the Georgia Diagnostic and Classification Prison, who was previously willing to provide a statement in support of clemency on Wellons's behalf, now refuses to do so for fear of losing his or her job.  The Supreme Court has recognized a very limited due process interest in clemency proceedings.  *See Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 283–285 118 S. Ct. 1244, 1251 (1998) (plurality opinion) (holding that Ohio's clemency procedures do not violate due process)[1]; *id.* at 288–89, 118 S. Ct. at 1253 (O'Connor, J. concurring) ("I do not, however, agree with the suggestion in the principal opinion that, because clemency is committed to the discretion of the executive, the Due Process Clause provides no constitutional safeguards.").[2]  However, we agree with the district court that in this case Wellons has failed to show a substantial likelihood of success on his claim that he enjoys a due process or other Constitutional right with respect to his petition for clemency.

Therefore, Petitioner's motion is **DENIED.**

---

[1] The plurality announced the Supreme Court's opinion.
[2] Justice O'Connor was the fifth and decisive vote for the plurality opinion.  Thus, her concurrence set binding precedent.  *See Marks v. United States*, 430 U.S. 188, 193, 97 S. Ct. 990, 993 (1977); *Swisher Intern., Inc. v. Schafer*, 550 F.3d 1046, 1053 (11th Cir. 2008).